**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| AHMAD AL-HAYDAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV1952 AGF |
| ) | |
| MARGIE S. BONTZ, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Ahmad Al-Haydar (registration no. 1187533), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $13.55. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the

prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Plaintiff's account indicates an average monthly deposit of $67.75, and an average monthly balance of $0.99.  Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $13.55, which is 20 percent of Plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458,

461-63 (E.D.N.C. 1987), aff'd, 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. §§ 1981, 1983, and 1985 for alleged unconstitutional retaliation.  Named as Defendants are Margie Bontz, Gary Gamble, Reid Forrester, Brian Jamison, Chuck Pryor, Jim Wells, Cyndi Prudden, Ellis McSwain, Jr., Julie Kempker, Tom Hodges, and Mariann Atwell.  Defendants are alleged to be employees of the Missouri Department of Corrections ("MoDOC").  At all times relevant to the complaint, Plaintiff was incarcerated at Farmington Correctional Center ("FCC").

In this action for monetary and injunctive relief, Plaintiff alleges that Defendant Gamble, a Corrections Caseworker at FCC, retaliated against him for exercising his right to appeal his criminal conviction for sex crimes by not allowing him to participate in the Missouri Sexual Offender Program ("MoSOP").  Plaintiff says that shortly after his transfer to FCC, in February 2009, Gamble asked him if he was appealing from his criminal conviction.  Plaintiff told Gamble that he was, and Gamble then told Plaintiff that in order to participate in MoSOP he would be required to dismiss his appeal.  Plaintiff claims he told Gamble he wanted to proceed both with his appeal and MoSOP.  Plaintiff says he signed a form refusing to participate in MoSOP under duress, after Gamble said to "get [his] f------ towel head ass out of here before I show you what we do to sand niggers."

Plaintiff alleges that in May 2009 he was given a "statutorily mandated release date" of April 17, 2011. Plaintiff's Exhibit D, however, shows that this was, in fact, a conditional release date. One condition for Plaintiff to be eligible for release in April 2011 was completion of MoSOP. Pltff's Exh. D.

On April 6, 2011, a parole hearing was held for Plaintiff. Defendant Margie Bontz, Plaintiff's Institutional Parole Officer, was present with two unknown officers from the Board. Plaintiff says he was not permitted to call witnesses or present evidence during the hearing, and he claims that he told the officers that he wanted to take MoSOP but that Gamble would not allow it. On April 8, 2011, the Board informed Plaintiff that it had cancelled the release date of April 17, 2011, and extended the release date to August 17, 2013, which is Plaintiff's maximum release date under his sentence. Pltff's Exh. E. The Board denied conditional release in April 2011 because Plaintiff failed to complete MoSOP.

## Discussion

The complaint survives initial review as to Defendant Gamble. As a result, the Court will order Gamble to respond to the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that claim is not cognizable under § 1983 where the plaintiff fails to allege that the defendant was personally involved in or directly responsible for the incidents that injured the plaintiff); Boyd v. Knox,

47 F.3d 966, 968 (8th Cir. 1995) (holding that respondeat superior theory is inapplicable in § 1983 suits).[1]  In the instant action, Plaintiff has not set forth any facts indicating that any of the other named Defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights.  The only allegation against Bontz is that she attended the conditional release hearing; there are no allegations that she participated in any retaliation.  And there are no allegations at all pertaining to Defendants Forrester, Jamison, Pryor, Wells, Prudden, McSwain, Jr., Kempker, Hodges, or Atwell.  As a result, the complaint fails to state a claim upon which relief can be granted as to these Defendants.

Title 42 U.S.C. § 1981[2] provides in pertinent part:

> All persons . . . shall have the same right . . . to make contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a claim under § 1981, a plaintiff must demonstrate that the defendants purposefully and intentionally discriminated against him on the basis of race.  See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982); Edwards v. Jewish Hosp., 855 F.2d 1345, 1351 (8th Cir. 1988).  The instant complaint contains no facts

---

[1] The same is true for claims of racial discrimination under § 1981.  See, e.g., Jones v. Forrest City Grocery Inc., No. 4:06CV00944 BSM, 2008 WL 2717738, at *5 (E.D. Ark. June 26, 2008).

[2] For purposes of this Memorandum and Order, the Court assumes that Plaintiff is of Arab decent and thus covered under § 1981.  See St. Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987).

indicating that any actions taken by Defendants were motivated by purposeful race discrimination against Plaintiff. To the contrary, Plaintiff alleges that Gamble kept him out of the program because Plaintiff would not dismiss his appeal. As a result, Plaintiff's § 1981 claim is legally frivolous.

>Title 42 U.S.C. § 1985(3) provides in pertinent part:
>
>If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The complaint does not contain any allegations that would show the existence of a conspiracy to deprive Plaintiff of his rights. As a result, Plaintiff's § 1985(3) claim will be dismissed as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $13.55 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if Plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to Defendant Gary Gamble, who is alleged to be a Caseworker at Farmington Correctional Center.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendant Gamble shall reply to Plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to Defendants Bontz, Forrester, Jamison, Pryor, Wells, Prudden, McSwain, Jr., Kempker, Hodges, or Atwell because, as to these Defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of December, 2011.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE