# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AHMAD AL-HAYDAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1952 AGF |
| | ) | |
| MARGIE S. BONTZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a convicted sex offender imprisoned in the Missouri Department of Corrections, brings this action under 42 U.S.C. § 1983. Defendant Gary Gamble, a corrections caseworker for the Farmington Correctional Center ("FCC"), is the only remaining defendant in this action. Plaintiff alleges that Gamble violated his First Amendment rights by prohibiting him from participating in the Missouri Sexual Offender Program ("MoSOP"), which was a mandatory requirement for Plaintiff to be eligible for conditional release, because Plaintiff was exercising his right to pursue a direct appeal of his criminal conviction. Gamble moves to dismiss the complaint on the ground that Plaintiff's claims regarding the denial of conditional release are barred by Heck v. Humphrey, 512 U.S. 477 (1994). The Court agrees, and the Court also believes that Plaintiff's First Amendment claims should be dismissed *sua sponte* under 28 U.S.C. § 1915(e) because Gamble is entitled to qualified immunity. Because the Court finds that the complaint should be dismissed for

reasons outside of Gamble's motion, the Court will allow Plaintiff an opportunity to respond before it dismisses this action.

**Standard**

To survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." Gregory v. Dillards, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted).

> [A] plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right. While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint.

Id. (quotations and citation omitted).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a

claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**Background**

Shortly after Plaintiff was transferred to FCC, in February 2009, Gamble asked him if he was appealing from his criminal conviction. (The Court accepts as true the allegations in the complaint, which it must). Plaintiff told Gamble that he was pursuing an appeal, and Gamble then told Plaintiff that in order to participate in MoSOP he would be required to dismiss his appeal, in order to fully admit his guilt. Plaintiff told Gamble he wanted to proceed both with his appeal and MoSOP. Gamble responded that he could not do both, and Plaintiff, feeling threatened by Gamble, eventually signed a form indicating that he refused to participate in MoSOP.

Plaintiff was given a conditional release date of April 17, 2011. After holding a parole hearing on April 6, 2011, the Missouri Board of Probation and Parole denied Plaintiff conditional release because he had not completed MoSOP.

**Discussion**

Gamble argues that Plaintiff's claim for denial of conditional release is Heck-barred because it challenges the duration of his confinement. Plaintiff responds that Gamble misunderstands the complaint because he is bringing claims for "threats, retaliation, and the denial of his opportunities for early release (service of the remainder of his prison term in a location outside of the prison environment and removed to another location, still under custody of the Missouri Department of Corrections," (Doc. No. 18, p. 5).

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995). In Schafer, the Eighth Circuit Court of Appeals held that a prisoner's claim that he was unfairly denied conditional release because, although he participated in the program, he failed to complete MoSOP, was barred by Heck as the prisoner was challenging his continued confinement. 46 F.3d at 45. Likewise, although Plaintiff seems to argue that he is not challenging his continued confinement, he does appear, essentially, to be bringing such a claim. Therefore, to the extent that Plaintiff is attempting to bring a claim for the denial of conditional release, his claim is barred by Heck.

Moreover, "an inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the Eighth Circuit Court of Appeals] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." Adams v Agniel, 405 F.3d 643, 645 (8th Cir. 2005) (citing Greenholtz v. Inmates of Nebraska Penal & Corrections, 442 U.S. 1, 9-11, (1979)); see also Rentschler v. Nixon, 311 S.W.3d 783, 788-89 (Mo. banc 2010) ("The [Missouri Board of Probation and Parole] always has retained plenary discretion as to whether to issue a conditional release date. The board's *consideration* of granting conditional release to any of the inmates was a mere possibility, nothing more. It is insufficient to support a claim for the creation of a disability.") (emphasis in original). Thus, even if Plaintiff's claim regarding the denial of

conditional release were not <u>Heck</u>-barred, the claim would be dismissible because it fails to rise to the level of a constitutional violation.

For Plaintiff to succeed on his § 1983 retaliation claim, he must prove that he engaged in protected activity and that Gamble, to retaliate for the protected activity, took adverse action against Plaintiff that would chill a person of ordinary firmness from engaging in that activity. See <u>Revels v. Vincenz</u>, 382 F.3d 870, 876 (8th Cir.2004), <u>cert. denied</u>, 546 U.S. 860 (2005).

It is well established that all citizens have the right to petition the government for grievances without being subject to retaliation. <u>E.g.</u>, <u>Powell v. Alexander</u>, 391 F.3d 1, 16 (1st Cir. 2004). The issue in this case, therefore, is whether Gamble took an adverse action against Plaintiff in retaliation for appealing his criminal conviction.

The policy of the Missouri Department of Corrections requires inmates to admit to the commission of the sexual offense before they may participate in MoSOP. See <u>Spencer v. State</u>, 334 S.W.3d 559, 563 (Mo. Ct. App. 2010). MoSOP is a rehabilitative program. See <u>State ex rel. Nixon v. Pennoyer</u>, 39 S.W.3d 521, 523 (Mo. Ct. App. 2001). Requiring an inmate to take full responsibility for his crime serves a "legitimate penological interest" in furtherance of rehabilitating the inmate. <u>McKune v. Lile</u>, 536 U.S. 24, 36 (2002). In this action, plaintiff has not alleged that he admitted his guilt or was willing to do so. Plaintiff has failed, therefore, to allege facts showing that he was eligible to participate in MoSOP. As a result, Plaintiff has not alleged sufficient facts to state a prima facie case for retaliation.

C.f. Bandy-Bey v. Crist, 578 F.3d 763, 766 (8th Cir. 2009) (retaliation claim fails when the alleged adverse conduct took place in response to an actual violation of a prison rule).

To the extent that Plaintiff is pursuing claims against Gamble for any alleged threats he made to Plaintiff, the complaint fails to state a claim upon which relief can be granted. See Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right.").

For these reasons, the Court finds that Plaintiff has not demonstrated that Gamble violated his constitutional rights.

Moreover, it appears that any violation of Plaintiff's constitutional rights would be barred by qualified immunity. "Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Id. (quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004)).

> For a right to be "clearly established," it must be established in a fairly
>
> particularized . . . sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citation omitted); see also Hudson v. Hall, 231 F.3d 1289, 1297 (11th Cir. 2000) ("Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases.").

The Court has already determined that Gamble did not violate Plaintiff's constitutional rights. The Court also finds that even if Gamble's actions were to constitute retaliation under the First Amendment, the alleged right that was violated has not been clearly established. The Court has not found any cases holding that requiring a sex offender to admit his guilt before permitting him into a sex offender rehabilitation program constitutes retaliation in violation of the First Amendment. Accordingly, the Court cannot say that a reasonable official, in Gamble's shoes, should have been aware that prohibiting Plaintiff from participating in MoSOP because of his ongoing appeal would be a violation of his First Amendment rights. For these reasons, it appears that Gamble is entitled to qualified immunity. See Burton v. Richmond, 276 F.3d 973, 976 (8th Cir. 2002); Campbell v. Galloway, 483 F.3d 258, 270-72 (4th Cir. 2007).

Because the Court believes that the complaint should be dismissed on a ground not addressed in Gamble's motion, the Court will allow Plaintiff to show cause why the complaint should not be dismissed for the reasons stated herein.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall show cause no later than thirty (30) days from the date of this Memorandum and Order why the complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a response, the Court will dismiss this action without further proceedings.

**IT IS FURTHER ORDERED** that if Gamble has any objection to this Memorandum and Order, he may file a response brief within fourteen (14) days of the date of this Memorandum and Order.

Dated this 26th day of April, 2012.

                                                    */s/ Audrey G. Fleissig*
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE