UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AHMAD AL-HAYDAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1952 AGF |
| | ) | |
| MARGIE S. BONTZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a convicted sex offender imprisoned in the Missouri Department of Corrections, brings this action under 42 U.S.C. § 1983.  Plaintiff alleges that Gary Gamble, a corrections caseworker for the Farmington Correctional Center ("FCC"), violated his First Amendment rights by prohibiting him from participating in the Missouri Sexual Offender Program ("MoSOP") because he was exercising his right to pursue a direct appeal of his criminal conviction.  Plaintiff claims he was denied "mandatory" release because Gamble did not allow him to enter MoSOP.  Gamble moves to dismiss the complaint on the ground that Plaintiff's claims regarding the denial of conditional release are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  The Court agrees, and the Court previously found that Plaintiff's claims should also be dismissed *sua sponte* under 28 U.S.C. § 1915(e) because Gamble is entitled to qualified immunity.  Because the Court had raised the issue of qualified immunity, the Court gave Plaintiff an opportunity to respond to the issue.  The Court finds

that Plaintiff's response provides no reason why this action should not be dismissed under Rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B).  As a result, the Court will dismiss this action.

**Standard**

To survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." Gregory v. Dillards, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted).

> [A] plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right.  While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests.  A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint.

Id. (quotations and citation omitted).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named Defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A district court may dismiss an action under 28 U.S.C. § 1915(e)(2)(B) if the court finds that defendant is entitled to qualified immunity. Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007).

**Background**

On September 8, 2008, a jury convicted Plaintiff of felony sexual assault. State v. Al-Haydar, No. 0616-CR04987-01 (16th Jud. Cir. 2008). On December 5, 2008, the court sentenced Plaintiff to seven years' imprisonment with credit for time served. Id.

According to Plaintiff's MoDOC Face Sheet, which he attached as an exhibit to his complaint, he had a Time Credit Release Date[1] of February 17, 2010, a Conditional Release Date of April 17, 2011, and a Maximum Discharge Date of August 17, 2013.

Shortly after Plaintiff was transferred to FCC, in February 2009, Gamble asked him if he was appealing from his criminal conviction based on his guilt. (The Court accepts as true the allegations in the complaint, which it must.) Plaintiff told Gamble that he was pursuing an appeal, and Gamble then told Plaintiff that in order to participate in MoSOP he would be required to dismiss his appeal, in order to fully admit his guilt. Plaintiff told Gamble he wanted to proceed both with his appeal and MoSOP. Gamble responded that he

---

[1]"Where an inmate is eligible for time credit, that time credit is subtracted from the inmate's conditional release date, resulting in a 'projected time credit release date.'" Spencer v. State, 334 S.W.3d 559, 570 (Mo. Ct. App. 2010) (quoting 14 CSR 10-5.010). "The DOC's policy further provides that '[i]nmates demonstrating acceptable behavior and appropriate program involvement shall be eligible for consideration for administrative parole release on [their projected time credit release] date.'" Id. (quoting 14 CSR 10-5.010).

-3-

could not do both, and Plaintiff, feeling threatened by Gamble, eventually signed a form indicating that he refused to participate in MoSOP.

On May 15, 2009, the Board of Probation and Parole ("Board") denied parole to Plaintiff based on the seriousness of his offense. Additionally, the Board set a conditional release hearing for April 17, 2011, and the Board informed Plaintiff he would be required to complete MoSOP in order to be eligible for conditional release. Pltff's Exh. D.

After holding a conditional release hearing on April 6, 2011, the Board denied Plaintiff conditional release because he had not completed MoSOP. The Board extended Plaintiff's release date to his Maximum Discharge Date of August 17, 2013.[2]

## Discussion

Although not a model of clarity, the complaint appears to contain two major causes of action. First, Plaintiff alleges that Gamble retaliated against Plaintiff's protected First Amendment activities, i.e., his direct appeal, by denying him access to the MoSOP program. Second Plaintiff alleges that he has been over-incarcerated because he should have been released on February 17, 2010, which Plaintiff believes was a mandatory release date.

1.   Retaliation

It is well established that all citizens have the right to petition the government for grievances without being subject to retaliation. E.g., Powell v. Alexander, 391 F.3d 1, 16

---

[2] Pursuant to Mo. Rev. Stat. § 558.011.5, "[t]he date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole."

(1st Cir. 2004). The issue in this case, therefore, is whether Gamble took an adverse action against Plaintiff in retaliation for appealing his criminal conviction.

MoSOP is a rehabilitative program. See State ex rel. Nixon v. Pennoyer, 39 S.W.3d 521, 523 (Mo. Ct. App. 2001). At the time Plaintiff was denied parole and conditional release, the Missouri Department of Corrections required inmates to complete MoSOP before being eligible for parole or conditional release. See Depauw v. Luebbers, 285 S.W.3d 805, 807 (Mo. Ct. App. 2009). The requirement was mandated by the Missouri statutes providing for the rehabilitation of sexually violent inmates. Id. "Part of the MOSOP treatment . . . requires the offender to admit his guilt and to show remorse." In re Care and Treatment of Norton, 123 S.W.3d 170, 179 (Mo. banc 2003). Requiring an inmate to take full responsibility for his crime serves a "legitimate penological interest" in furtherance of rehabilitating the inmate. McKune v. Lile, 536 U.S. 24, 36 (2002). In this action, Plaintiff has not alleged that he admitted his guilt or was willing to do so. Plaintiff has failed, therefore, to allege facts showing that he was eligible to participate in MoSOP. As a result, Plaintiff has not alleged sufficient facts to state a prima facie case for retaliation. C.f. Bandy-Bey v. Crist, 578 F.3d 763, 766 (8th Cir. 2009) (retaliation claim fails when the alleged adverse conduct took place in response to an actual violation of a prison rule).

To the extent that Plaintiff is pursuing claims against Gamble for any alleged threats he made to Plaintiff, such claim fails to state a claim upon which relief can be granted. See Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right.").

    2.    <u>Over-incarceration</u>

Gamble argues that Plaintiff's claims for denial of parole and conditional release are <u>Heck</u>-barred because they challenge the duration of his confinement. Gamble is correct.

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994); <u>Schafer v. Moore</u>, 46 F.3d 43, 45 (8th Cir. 1995). In <u>Schafer</u>, the Eighth Circuit Court of Appeals held that a prisoner's claim that he was unfairly denied conditional release because, although he participated in the program, he failed to complete MoSOP, was barred by <u>Heck</u> as the prisoner was challenging his continued confinement. 46 F.3d at 45. Therefore, to the extent that Plaintiff is bringing claims for the denial of parole or continued release, his claims are barred by <u>Heck</u>.

Additionally, "an inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the Eighth Circuit Court of Appeals] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." <u>Adams v Agniel</u>, 405 F.3d 643, 645 (8th Cir. 2005) (citing <u>Greenholtz v. Inmates of Nebraska Penal & Corrections</u>, 442 U.S. 1, 9-11, (1979)). Moreover, "[t]he [Missouri Board of Probation and Parole] always has retained plenary discretion as to whether to issue a conditional release date. The board's *consideration* of granting conditional release to any of the inmates [is] a mere possibility, nothing more. It is insufficient to support a claim for

the creation of a disability." Rentschler v. Nixon, 311 S.W.3d 783, 788-89 (Mo. banc 2010) (emphasis in original). Therefore, even if Plaintiff's claims regarding the denial of time credit release or conditional release were not Heck-barred, the claims would be dismissible because they fail to rise to the level of a constitutional violation.

Finally, it is worth noting that Plaintiff's argument regarding his alleged over-incarceration arises from his confusion as to the meaning of his Time Credit Release Date. As is stated above, the Time Credit release date is the earliest date on which an inmate may be released on *parole* if he has shown "acceptable behavior and appropriate program involvement." The date was not, as Plaintiff believed, a mandatory release date.

For these reasons, the Court finds that Plaintiff has failed to demonstrate that Gamble violated his constitutional rights.

3.   Qualified Immunity

Plaintiff's claims are also barred by qualified immunity. "Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness, 495 F.3d at (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Id. (quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004)).

> For a right to be "clearly established," it must be established in a fairly particularized . . . sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that

> right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citation omitted); see also Hudson v. Hall, 231 F.3d 1289, 1297 (11th Cir. 2000) ("Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases.").

The Court has already determined that Gamble did not violate Plaintiff's constitutional rights. The Court also finds that even if Gamble's actions were to constitute retaliation under the First Amendment, the alleged right that was violated had not been clearly established. The Court has not found any cases holding that requiring a sex offender to admit his guilt before permitting him to participate in a sex offender rehabilitation program constitutes retaliation in violation of the First Amendment. Accordingly, the Court cannot say that a reasonable official, in Gamble's shoes, should have been aware that prohibiting Plaintiff from participating in MoSOP because of his ongoing appeal would be a violation of his First Amendment rights. For these reasons, Gamble is entitled to qualified immunity. See Burton v. Richmond, 276 F.3d 973, 976 (8th Cir. 2002); Campbell v. Galloway, 483 F.3d 258, 270-72 (4th Cir. 2007).

Accordingly,

**IT IS HEREBY ORDERED** that Gamble's motion to dismiss [Doc. 13] is **GRANTED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 14th day of June, 2012.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE